UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JERRY ELIZE ROWLEY                              CIVIL ACTION

VERSUS                                          NUMBER: 06-10807

DANIEL BRYANT                                   SECTION: "J"(5)

**REPORT AND RECOMMENDATION**

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed in forma pauperis by pro se plaintiff, Jerry Elize Rowley, against defendant, Daniel Bryant.

Plaintiff is an inmate of the St. Tammany Parish Jail, Covington, Louisiana. Plaintiff alleges that named defendant, whom he labels a "dope dealer", was arrested with some $55,400.00 of plaintiff's cash on his person, with said cash subsequently being deemed to be drug-related and thus being confiscated by law enforcement officials. In his prayer for relief, plaintiff seeks the return of his $55,400.00.

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915.  A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii).  Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

It is well-settled that in order to set forth a cognizable claim under 42 U.S.C. §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States.  <u>Parratt v. Taylor</u>, 451 U.S. 527, 101 S.Ct. 1908 (1981), <u>overruled in part on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986).

As best as the Court can determine, the named defendant herein is a private person and is not a state actor under §1983.  Plaintiff can therefore "... prove no set of facts in support of ... [his] §1983 claim because there is no hint of state action here."  <u>Lyons v. Sheetz</u>, 824 F.3d 493, 495 (5th Cir. 1987)(citing

2

Rendell-Baker v. Kohn, 457 U.S. 830, 102 S.Ct. 2764 (1982)). That being the case, plaintiff's case should be dismissed as frivolous under §1915(e)(2)(B)(i).

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed as frivolous pursuant to §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  15th  day of   December  , 2006 .

_____
UNITED STATES MAGISTRATE JUDGE